IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

SOUTHERN APPALACHIAN MOUNTAIN
STEWARDS, APPALACHIAN VOICES,
and SIERRA CLUB,

        Plaintiffs,

v.                                          CIVIL ACTION NO. __2:23CV2__

A&G COAL CORPORATION,

        Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is a citizen suit for declaratory and injunctive relief against Defendant A&G Coal Corporation, ("A&G") for violations of the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201 et seq. (hereafter "SMCRA"), at three surface coal mining operations in Wise County, Virginia.

2. As detailed below, Plaintiffs allege that A&G's failure to conduct timely reclamation at those surface coal mining operations violates certain federal and state regulations promulgated under SMCRA and the Virginia Coal Surface Mining Control and Reclamation Act ("VCSMCRA"), and the terms and conditions of its Virginia Coal Surface Mining Operation Permits 1101905, 1101914, and 1101918.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 30 U.S.C. § 1270 (SMCRA citizen's suit provision).

1

4. On May 10, 2022, Plaintiffs gave notice of the violations and their intent to file suit to the Defendant, the Office of Surface Mining Reclamation and Enforcement ("OSMRE"), and the Virginia Department of Energy ("VDOE"), as required by Section 520(b)(1)(A) of SMCRA, 30 U.S.C. § 1270(b)(1)(A).

5. More than sixty days have passed since the notice was sent. No civil or criminal action to redress the violations has been initiated by OSMRE or VDOE in any court.

6. Venue in this District is proper pursuant to 30 U.S.C. § 1270(c) because the coal mining operations complained of are located in this District.

## PARTIES

7. A&G is a Virginia corporation engaged in the business of mining coal.

8. A&G is a person within the meaning of Section 701(19) of SMCRA, 30 U.S.C. § 1291(19).

9. At all relevant times, A&G has owned and operated the Looney Ridge Surface Mine #1, Sawmill Hollow #3 Mine, and Canepatch Surface Mine, all of which are located in Wise County, Virginia. A&G is authorized to conduct surface coal mining operations at the mines by permits issued by the VDOE. Permit 1101905 authorizes A&G to conduct surface coal mining operations at the Looney Ridge Surface Mine #1, Permit 1101914 authorizes A&G to conduct surface coal mining operations at the Sawmill Hollow #3 Mine, and Permit 1101918 authorizes A&G to conduct surface coal mining operations at the Canepatch Surface Mine.

10. Plaintiff Southern Appalachian Mountain Stewards ("SAMS") is a non-profit membership organization incorporated under the laws of the Commonwealth of Virginia. SAMS is a Virginia corporation and has approximately thirty active members. SAMS works with community members, partner groups and government authorities to prevent and correct harmful

economic, environmental and human health effects of coal extraction in southwest Virginia, and to promote sustainable economic development in the region. SAMS regularly monitors and participates in the public aspects of SMCRA regulatory decisions in Wise County and other parts of western Virginia.

11. Plaintiff Appalachian Voices is a nonprofit North Carolina corporation committed to protecting the land, air, and water of the central and southern Appalachian region, focusing on reducing coal's impact on the region. Appalachian Voices has more than 1,000 members, the majority of which reside in the Appalachian region, including North Carolina, Virginia and Tennessee, and it maintains a permanent office in Virginia. Its concerns include addressing the impacts of surface coal mining in Virginia.

12. Plaintiff Sierra Club is a nonprofit corporation incorporated in California, with approximately 750,000 members nationwide, including approximately 18,000 members who reside in Virginia and belong to its Virginia Chapter. The Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and promoting the responsible use of the Earth's resources and ecosystems; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out those objectives. The Sierra Club's concerns encompass ensuring the complete and timely reclamation of surface coal mines in Virginia.

13. Plaintiffs have members and employees – including, but not limited to, Jane Branham, Judy Needham, and Willie Dodson – who use, enjoy, and benefit from areas impacted by A&G's Looney Ridge Surface Mine #1, Sawmill Hollow #3 Mine, and Canepatch Surface Mine. These members and employees are upset and offended by the barren, unreclaimed mine sites. They are also concerned about the risk of erosion and landslides from the sites, and by the

effects of polluted runoff from the sites into local streams. Plaintiffs' members and employees also expend their time and resources monitoring the status of reclamation at the three mine sites that are the subject of this lawsuit, including attending site inspections, observing the sites from publicly accessible areas, and collecting water samples and otherwise monitoring the water quality and ecological health of streams that receive water pollution discharges from the sites. As a result, the environmental, economic, health, aesthetic, and recreational interests of these members are adversely affected by A&G's failure to conduct timely reclamation at the three surface coal mines. If A&G completes reclamation of the sites in a timely manner, the harm to the interests of Plaintiffs' members would be redressed because they would no longer be confronted with the visual scars on the landscape and would no longer need to worry about offsite impacts. Plaintiffs' members and employees would no longer need to devote time and resources to monitoring the sites. An injunction directing A&G to complete reclamation without delay would redress Plaintiffs' members injuries by preventing future violations of SMCRA, and the terms of A&G's permits.

14. At all relevant times, Plaintiffs were and are "persons" as that term is defined by SMCRA, 30 U.S.C. § 1291(19).

## STATUTORY AND REGULATORY FRAMEWORK

15. Section 506 of SMCRA, 30 U.S.C. § 1256, prohibits any person from engaging in or carrying out surface coal mining operations without first obtaining a permit from OSMRE or from an approved state regulatory authority.

16. At all relevant times, the Commonwealth of Virginia has administered an approved surface mining regulatory program under SMCRA. *See* 30 C.F.R. § 946.10.

17. Among the performance standards mandated by SMCRA and the Virginia Coal Surface Mining Control and Reclamation Act ("VCSMCRA") is that "[r]eclamation efforts, including but not limited to backfilling, grading, topsoil replacement, and revegetation, on all land that is disturbed by surface mining activities shall occur as contemporaneously as practicable with mining operations, except when such mining operations are conducted in accordance with a variance for concurrent surface and underground mining activities issued under 4 VAC 25-130-785.18" (4 VAC 25-130-816.100(a)); and that "[p]ersons who cease surface mining activities permanently shall close or backfill or otherwise permanently reclaim all affected areas, in accordance with this chapter and the permit approved by the division" (4 VAC 25-130-816.132(a)).

18. The VCSMCRA regulations provide that "[t]he permittee shall comply with the terms and conditions of the permit, all applicable performance standards of the Act, and the requirements of this chapter." 4 VAC 25-130-773.17(c). The VCSMCRA regulations also make it a condition of every permit that "[t]he permittee shall take all possible steps to minimize any adverse impact to the environment or public health and safety resulting from noncompliance with any term or condition of the permit, including, but not limited to-- . . . [i]mmediate implementation of measures necessary to comply." *Id*. at 773.17(e).

19. Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), authorizes any person adversely affected to bring an action in federal court to compel compliance with SMCRA against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to [SMCRA]."

5

20. Section 520(d) of SMCRA, 30 U.S.C. § 1270(d), authorizes the Court to award the costs of litigation, including attorneys fees and expert witness fees, "to any party, whenever the court determines such an award is appropriate."

21. The Virginia Department of Energy's Division of Mined Land Repurposing ("DMLR")—formerly the Virginia Department of Mines, Minerals, and Energy's Division of Mined Land Reclamation—is the agency in the Commonwealth of Virginia that administers the state's SMCRA program and that issues VCSMCRA Permits.

## FACTS

### Permit 1101905

22. A&G's mining activities at the Looney Ridge Surface Mine #1 are regulated under Virginia SMCRA/CSMO Permit 1101905.

23. Virginia issued SMCRA/CSMO Permit 1101905 to A&G on April 5, 2004, and the permit has remained in effect from that time forward.

24. A&G last removed coal from the Looney Ridge Surface Mine #1 on or before April 8, 2013.

25. On October 8, 2013, VDOE issued A&G Notice of Violation (NOV) No. JRJ0001187 regarding Permit 1101905. That NOV cited violations of 4 VAC 25-130-816.100(a) and 4 VAC 25-130-816.132(a). It further stated that "There has been no mining activity within this permit since 4/08/13 and the Temporary Cessation ended on 10/05/13. Therefore NOV JRJ0001187, violation 1 of 1, under Performance Code BR, is being issued." The NOV also directed A&G "to backfill all existing highwall required to be eliminated, regrade, and seed all disturbed areas on the permit." The NOV set an abatement deadline of January 8, 2014.

26. When A&G failed to meet the abatement deadline, VDOE issued Cessation Order (CO) No. JRJ0001352 on January 13, 2014.

27. On January 13, 2014, A&G and VDOE entered into a Compliance Agreement to address unabated reclamation-related violations at multiple permits, including Permit 1101905 ("January 2014 CA"). The January 2014 CA provided a deadline for reclamation of Permit 1101905 of July 30, 2014.

28. The most recent amendment to the Compliance Agreement, dated July 30, 2019, required A&G to commence reclamation by September 1, 2019, and to complete reclamation by February 28, 2020.

29. An addendum to the Compliance Agreement dated December 29, 2020, purported to extend the reclamation deadline by more than a year, to July 31, 2021.

30. A comparison of VDOE's reporting of acreage disturbed, regraded, and reclaimed/ revegetated between April 2013 and July 2022—as listed in the VDOE inspection report describing the results of inspections on July 15 and July 28, 2022—shows that A&G only regraded 0.92 acres, an increase of only 0.3%, during the almost nine years since mining operations ceased. And even that very minimal effort is offset by the fact that A&G disturbed additional acreage during that time period.

|  | April 2013 | July 2022 |
|---|---|---|
| Acres disturbed | 589.77 | 590.09 |
| Acres regraded | 274.24 | 275.16 |
| Acres reclaimed/revegetated | 269.44 | 275.16 |

31. Despite the deadlines in the Compliance Agreement and its amendments, more than 300 acres—half of the disturbed area on site—has still not been regraded or revegetated.

**Permit 1101914**

32. A&G's mining activities at the Sawmill Hollow #3 Mine are regulated under Virginia SMCRA/CSMO Permit 1101914.

33. Virginia issued SMCRA/CSMO Permit 1101914 to A&G on June 28, 2004, and the permit has remained in effect from that time forward.

34. A&G last removed coal from the Sawmill Hollow #3 Mine on or before April 8, 2013.

35. On October 16, 2013, VDOE issued NOV No. CEV0008882 to A&G regarding Permit 1101914. That NOV cited violations of the contemporaneous reclamation requirements at 4 VAC 25-130-816.100. The NOV stated that

> On 4/8/13, this permit was placed in Temporary Cessation for a period of six months until 10/5/13. The temporary cessation consisted of three main areas as designated by the Temporary Cessation map. The temporary cessation has expired for all three areas. There are not any spreads of mining equipment on this permit to resume mining/reclamation operations. In addition, the operator did not submit and obtain approval of a permit revision (within the six month time frame) which addressed the estimated cost of reclamation and post the required bond equal to the total estimated cost of reclamation with the DMLR Office. As a result, contemporaneous reclamation is not current on this permit.

36. NOV No. CEV0008882 required A&G "to take all necessary measures so as to bring backfilling and regrading to a current status in accordance with the approved detailed plans and all applicable regulations." The NOV listed a deadline for abatement of January 14, 2014.

37. When A&G failed to satisfy the abatement deadline, VDOE issued Cessation Order No. CEV0008995 on January 15, 2014.

38. The January 2014 Compliance Agreement required A&G to begin reclamation at Permit 1101914 "no later than the week of January 13, 2014," and set a June 30, 2015 deadline for A&G to complete reclamation.

39. In July 2019, the Compliance Agreement was amended to require A&G to commence reclamation by March 1, 2020, and to complete reclamation by August 31, 2020.

40. The December 29, 2020 addendum required A&G to begin reclamation by January 1, 2021, and to complete reclamation by December 31, 2022.

41. A comparison of VDOE's reporting of acreage disturbed, regraded, and reclaimed/ revegetated between January 2013 and June 2022— as listed in the VDOE inspection report describing the results of the June 22, 2022 inspection—shows that no additional acres have been regraded during the nine years since mining operations ceased or since VDOE issued its initial NOV citing violations of the contemporaneous reclamation regulatory requirements at 4 VAC 25-130-816.100(a).

|  | January 2013 | April 2022 |
|---|---|---|
| Acres disturbed | 2,031.99 | 2,031.50 |
| Acres regraded | 995.17 | 994.78 |
| Acres reclaimed/revegetated | 409.28 | 571.99 |

42. In notes from a December 2021 VDOE inspection, the inspector noted that "There is no work ongoing on this permit at this time. The D9 Dozer is still parked at the fuel tank located across from the old office trailers. The operator is reminded that the below noted compliance agreement requires work to be ongoing at this time. This is the second inspection with no work being performed at this site." In the July 2022 VDOE inspection report, the inspector similarly noted that "[t]here is no work ongoing on this permit at this time. There is 1 D9 Dozer parked on site at this time. No personnel on site during this inspection."

## Permit 1101918

43. A&G's mining activities at the Canepatch Surface Mine are regulated under Virginia SMCRA/CSMO Permit 1101918.

44. Virginia issued SMCRA/CSMO Permit 1101918 to A&G on July 8, 2004, and the permit has remained in effect from that time forward.

45. A&G last removed coal from the Canepatch Surface Mine on or before February 8, 2017.

46. On September 18, 2017, VDOE issued Notice of Violation No. LJJ0003114 to A&G regarding Permit 1101918. That NOV cited violations of 4 VAC 25-130-816.100(a) and 4 VAC 25-130-816.132(a).

47. When A&G failed to conduct the required backfilling and reclamation, VDOE issued Cessation Order No. LJJ0003267 on December 12, 2017. That Cessation Order stated that "The entire permit had been placed in a 6 month Temporary Cessation which began on 2/8/17 and expired on 8/8/17. No activity had been noted since the 6 month Temporary Cessation expired. Therefore, NOV LJJ0003114 violation 2 of 3 under performance code BR was issued on 9/12/17. This violation was issued with an abatement date of 12/12/17. The operator has failed to comply with the above mentioned NOV. Therefore, Failure to Abate Cessation Order (FTACO) LJJ0003267 is being issued."

48. The January 2014 Compliance Agreement did not impose specific reclamation deadlines at Permit 1101918.

49. The July 2019 amendment to the Compliance Agreement required A&G to complete reclamation on permit 1101918 by October 31, 2021.

50. The December 2020 addendum required A&G to begin reclamation by July 31, 2021, and to complete reclamation by December 31, 2023.

51. A comparison of VDOE's reporting of acreage disturbed, regraded, and reclaimed/ revegetated between October 2015 and March 2022—as listed in the VDOE

10

inspection report describing the results of the March 30, 2022 inspection—shows that no additional acres have been regraded or revegetated during the more than six years since mining operations ceased.

|  | October 2015 | March 2022 |
| --- | --- | --- |
| Acres disturbed | 699.50 | 699.50 |
| Acres regraded | 343.11 | 343.11 |
| Acres reclaimed/revegetated | 93.59 | 93.59 |

52. The March 2022 VDOE inspection report noted that "[t]here were no personnel or equipment on site during this inspection."

### FIRST CLAIM FOR RELIEF
### Permit 1101905

53. Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 52 above.

54. A&G's SMCRA/ CSMO Permit 1101905 for its Looney Ridge Surface Mine #1 requires it to comply with performance standards of the VCSMCRA. VA Code § 45.1-242(B); 4 VAC 25-130-773.17(c).

55. Those performance standards provide that "[r]eclamation efforts, including but not limited to backfilling, grading, topsoil replacement, and revegetation, on all land that is disturbed by surface mining activities shall occur as contemporaneously as practicable with mining operations, except when such mining operations are conducted in accordance with a variance for concurrent surface and underground mining activities issued under 4 VAC 25-130-785.18" (4 VAC 25-130-816.100(a)); and that "[p]ersons who cease surface mining activities permanently shall close or backfill or otherwise permanently reclaim all affected areas, in accordance with this chapter and the permit approved by the division" (4 VAC 25-130-816.132(a)).

11

56. A&G ceased mining operations at the Looney Ridge Surface Mine #1 on or before April 8, 2013.

57. More than nine years after the cessation of mining operations at the Looney Ridge Surface Mine #1, significant reclamation work including backfilling, grading, and revegetation, remains incomplete.

58. Although A&G agreed in the December 29, 2020 addendum to the Compliance Agreement to complete reclamation at the Looney Ridge Surface Mine #1 by July 31, 2021, reclamation work remains significantly incomplete.

59. A&G's failure to complete reclamation at the Looney Ridge Surface Mine #1 more than nine years after the cessation of mining operations is a violation of VA Code § 45.1-242(B); 4 VAC 25-130-773.17(c); 4 VAC 25-130-816.100(a); and 4 VAC 25-130-816.132(a).

60. A&G's failure to complete reclamation work at the Looney Ridge Surface Mine #1 is also a direct and ongoing violation of abatement deadlines in notices of violation and cessation orders issued by the Virginia Department of Energy, and of the terms of a Compliance Agreement and its subsequent amendments entered into with the Virginia Department of Energy that imposes deadlines for reclamation and that mandates the deployment and use of certain equipment on the permit site.

61. Unless enjoined to deploy adequate workers and equipment to promptly complete the required reclamation work, A&G's violations of SMCRA at the Looney Ridge Surface Mine #1 will continue.

## SECOND CLAIM FOR RELIEF
## Permit 1101914

62. Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 52 above.

63. A&G's SMCRA/ CSMO Permit 1101914 for its Sawmill Hollow #3 Mine requires it to comply with performance standards of the VCSMCRA. VA Code § 45.1-242(B); 4 VAC 25-130-773.17(c).

64. Those performance standards provide that "[r]eclamation efforts, including but not limited to backfilling, grading, topsoil replacement, and revegetation, on all land that is disturbed by surface mining activities shall occur as contemporaneously as practicable with mining operations, except when such mining operations are conducted in accordance with a variance for concurrent surface and underground mining activities issued under 4 VAC 25-130-785.18" (4 VAC 25-130-816.100(a)); and that "[p]ersons who cease surface mining activities permanently shall close or backfill or otherwise permanently reclaim all affected areas, in accordance with this chapter and the permit approved by the division" (4 VAC 25-130-816.132(a)).

65. A&G ceased mining operations at the Sawmill Hollow #3 Mine on or before April 8, 2013.

66. More than nine years after the cessation of mining operations at the Sawmill Hollow #3 Mine, significant reclamation work including backfilling, grading, and revegetation, remains incomplete.

67. Although A&G agreed in the December 29, 2020 addendum to the Compliance Agreement to commence reclamation work at the Sawmill Hollow #3 Mine by January 1, 2021, and to complete that work by December 31, 2022, recent inspection reports from Virginia Energy inspectors make clear that A&G has still not commenced reclamation work.

68.     A&G's failure to complete reclamation at the Sawmill Hollow #3 Mine more than nine years after the cessation of mining operations is a violation of VA Code § 45.1-242(B); 4 VAC 25-130-773.17(c); 4 VAC 25-130-816.100(a); and 4 VAC 25-130-816.132(a).

69.     A&G's failure to conduct reclamation work at the Sawmill Hollow #3 Mine is also a direct and ongoing violation of deadlines in notices of violation and cessation orders issued by the Virginia Department of Energy, and of the terms of a Compliance Agreement and its subsequent amendments entered into with the Virginia Department of Energy that imposes deadlines for reclamation and that mandates the deployment and use of certain equipment on the permit site.

70.     Unless enjoined to deploy adequate workers and equipment to promptly complete the required reclamation work, A&G's violations of SMCRA at the Sawmill Hollow #3 Mine will continue.

## THIRD CLAIM FOR RELIEF
### Permit 1101918

71.     Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 52 above.

72.     A&G's SMCRA/ CSMO Permit 1101918 requires it to comply with performance standards of the VCSMCRA. VA Code § 45.1-242(B); 4 VAC 25-130-773.17(c).

73.     Those performance standards provide that "[r]eclamation efforts, including but not limited to backfilling, grading, topsoil replacement, and revegetation, on all land that is disturbed by surface mining activities shall occur as contemporaneously as practicable with mining operations, except when such mining operations are conducted in accordance with a variance for concurrent surface and underground mining activities issued under 4 VAC 25-130-785.18" (4 VAC 25-130-816.100(a)); and that "[p]ersons who cease surface mining activities

14

permanently shall close or backfill or otherwise permanently reclaim all affected areas, in accordance with this chapter and the permit approved by the division" (4 VAC 25-130-816.132(a)).

74. A&G ceased mining operations at the Canepatch Surface Mine on or before February 8, 2017.

75. More than five years after the cessation of mining operations at the Canepatch Surface Mine, significant reclamation work including backfilling, grading, and revegetation, remains incomplete.

76. Although A&G agreed in the December 29, 2020 addendum to the Compliance Agreement to commence reclamation work at the Canepatch Surface Mine by July 31, 2021, and to complete that work by December 31, 2023, recent inspection reports from Virginia Energy inspectors make clear that A&G has still not commenced reclamation work.

77. A&G's failure to conduct reclamation work at the Canepatch Surface Mine is also a direct and ongoing violation of deadlines in notices of violation and cessation orders issued by the Virginia Department of Energy, and of the terms of a Compliance Agreement and its subsequent amendments entered into with the Virginia Department of Energy that imposes deadlines for reclamation and that mandates the deployment and use of certain equipment on the permit site.

78. Unless enjoined to deploy adequate workers and equipment to promptly complete the required reclamation work, A&G's violations of SMCRA at the Canepatch Surface Mine will continue.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

79. Declaring that A&G has violated and is in continuing violation of SMCRA at each of the three permits;

80. Ordering A&G to immediately commence reclamation activities at permits 1101905, 1101914, and 1101918, to devote adequate workers and equipment at each site to achieve timely reclamation, and to diligently pursue reclamation activities at those permits until reclamation is complete and A&G has secured the release of its reclamation bonds;

81. Appointing a special master to set appropriate interim and final reclamation deadlines and to ensure that the workers and equipment employed by A&G at each permit location are adequate to comply with those deadlines;

82. Prohibiting A&G from producing any coal from any of the three permits until it has come into full compliance with SMCRA's reclamation obligations and with the requirements of the notices of violation and cessation orders issued by Virginia Energy at each of the three permits, including payment of all penalties;

83. Awarding Plaintiffs their attorney and expert witness fees and all other reasonable expenses incurred in pursuit of this action; and

84. Granting other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Isak Howell
Isak Howell (Virginia Bar Number 75011)
Appalachian Mountain Advocates
4227 Colonial Ave.
Roanoke, VA 24018
isak@howell-lawoffice.com
540-998-7744

Walton Morris (Virginia Bar Number 14438)
Morris Law Office, P.C.

1901 Pheasant Lane
Charlottesville, VA  22901
wmorris@fastmail.net
434-293-6616

*Counsel for Southern Appalachian Mountain Stewards, Appalachian Voices, and Sierra Club*

17